UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA A. LINS,

          Plaintiff,

    v.

VANCOUVER POLICE DEPARTMENT,

          Defendant.

Case No.  C04-5308RJB

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND ORDER TO SHOW CAUSE REGARDING JOINT STATUS REPORT

    This matter comes before the court on plaintiff's filing of motion for default. (Dkt. #17).  After reviewing plaintiff's motion and the remaining record, the court hereby finds and ORDERS:

    Plaintiff filed his motion for default on April 7, 2004, alleging defendant had not timely filed an answer to his complaint.  It does not appear, however, that plaintiff has served his motion on defendant or properly noted that motion to be heard by this court.  Accordingly, plaintiff's motion for default (Dkt. #17) is DENIED.

    In addition, on January 4, 2005, the court ordered the parties to file a joint status report by no later than March 17, 2005. (Dkt. #13).  The court informed plaintiff that he was responsible for initiating contact with defendant's counsel for preparation of the joint status report.  However, it does not appear that plaintiff has done so, as to date no joint status report has been filed in this case.  Nevertheless, the court shall grant plaintiff one more chance to comply with the court's prior order.  Plaintiff is warned though that failure to file a joint

ORDER
Page - 1

status report by the date set forth below shall be deemed a failure to prosecute this matter, and the court will recommend dismissal of this matter.

Accordingly, the court further ORDERS that, if settlement is not achieved earlier, all counsel and any *pro se* parties are directed to confer and provide the court with a joint status report by:

**May 12, 2005.**

The joint status report will contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case;

2. The date by which discovery can be completed;

3. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

4. Whether a settlement mediation under Local Rule CR 39.1(c) should be held;

5. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way;

6. Any other suggestions for shortening or simplifying the case;

7. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

8. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

9. Whether the trial will by jury or non-jury;

10. The number of trial days required, and suggestions for shortening trial;

11. The names, addresses, and telephone numbers of all trial counsel.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. **Separate reports are not to be filed**.

If, on the due date of the joint status report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff (or plaintiff, if *pro se*) shall advise the court in an independent report when service will be effected and why it was not made earlier.

If on the due date the defendant(s) or respondent(s) have been served and no answer or appearance has been filed, counsel for the plaintiff (or plaintiff, if *pro se*) shall file an independent status report

providing the information requested to the extent possible. This report must also describe the current status of the non-appearing parties.

The time for filing the joint status report may be extended **only** by court order.

## PLAINTIFF'S RESPONSIBILITIES

This order is issued at the outset of the case, and a copy is delivered by the clerk to plaintiff. Within ten (10) days of receipt of service, plaintiff shall serve a copy of this order on each party appearing after this order is filed. Plaintiff is responsible for initiating contact with defendant(s) counsel for preparation of the joint status report and plaintiff shall do so by notifying defendant(s) counsel in writing.

## SANCTIONS

A failure by any party to comply fully with this order may result in the imposition of sanctions.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

DATED this 12th day of April, 2005.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge